UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EOGHAN CONLON, and
STEPHANIE CONLON,

    Plaintiffs,

v.                                                          Case No. 8:25-cv-687-KKM-SPF

NATIONWIDE MUTUAL
INSURANCE COMPANY,

    Defendant.
_____

## ORDER

Eoghan and Stephanie Conlon sue Nationwide Mutual Insurance Company for breach of contract and statutory bad faith failure to settle. Compl. (Doc. 1-1). Nationwide removed this action to federal court. Notice of Removal (Doc. 1). For the reasons below, I lack subject-matter jurisdiction and remand the case.

Nationwide issued the Conlons a homeowner's insurance policy covering a residence in Winter Haven, Florida, effective from December 2023 through December 2024. Compl. ¶ 5; (Doc. 1-1) at 11. During that period, wind damaged the property's exterior. Compl. ¶¶ 6–7. The Conlons made a timely claim under their policy. *Id.* ¶¶ 9–10. But Nationwide refused to pay their claim. *Id.* ¶¶ 13, 15. The

Conlons sued Nationwide in Florida's Tenth Judicial Circuit for breach of contract, *id.* ¶¶ 11–16 (Count I), and statutory bad faith failure to settle, *id.* ¶¶ 17–24 (Count II) (citing § 624.155, Fla. Stat.). The Conlons allege that the amount in controversy "is more than [$8,000] and less than [$50,000] exclusive of pre-judgment interest, court costs, and attorney's fees." *Id.* ¶ 3

Nationwide removed the action to this court. Notice of Removal. The following day, I ordered Nationwide to show cause why the action should not be remanded for lack of subject-matter jurisdiction. (Doc. 5.) Specifically, I directed Nationwide to explain why the amount-in-controversy requirement is satisfied and why the parties are completely diverse in the light of the Conlons's allegations. *Id.* Nationwide has responded. Resp. (Doc. 15).

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). The removing party must ordinarily show that the amount in controversy is satisfied by a preponderance of the evidence. *See id.* But where a plaintiff makes a specific allegation that damages are less than the

jurisdictional threshold, "defendant must prove to a legal certainty that plaintiff's claim must exceed [$75,000]." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

To evaluate the amount in controversy, a court may look to the documents that the defendant received from the plaintiff along with the removal attachments. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("Defendants may introduce their own affidavits, declarations, or other documentation" to show that the amount in controversy exceeds $75,000). A court may draw reasonable deductions and inferences from these documents using "judicial experience and common sense." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010).

Nationwide fails to prove to a legal certainty that the amount in controversy exceeds $75,000. Nationwide argues that the amount in controversy exceeds $75,000 because the plaintiffs can recover attorney's fees on their bad-faith claim. Resp. at 2–3 (citing § 624.155(7), Fla. Stat.); *see Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000) ("[W]hen a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the

amount of those fees."). Consideration of those fees is improper here because the Conlons's bad-faith claim—predicated on its breach claim—is unripe, as both the Conlons and Nationwide agree. *See* Compl. ¶ 24; MTD Count II (Doc. 11) at 5–6; *see also Vanguard Fire & Cas. Co. v. Golmon*, 955 So. 2d 591, 593 (Fla. 1st DCA 2006) (per curiam) ("It is well established that a statutory claim of bad faith failure to settle does not accrue until the underlying action for insurance benefits is resolved in favor of the insured, thus establishing liability on the part of the insurer."). "Lacking subject matter jurisdiction over the bad faith claim, [I do not] consider the claim or any resulting attorneys' fees legitimately at issue for purposes of the amount in controversy." *Calhoun v. Allstate Fire & Cas. Ins. Co.*, No. 8:21-cv-0723-KKM-AAS, 2021 WL 4710772, at *2 (M.D. Fla. Sept. 24, 2021).

Even if it were proper to consider the bad-faith action's potential attorney's fees, though, Nationwide does not allege that a particular amount of fees should be added or provide the Court with the information necessary to calculate attorney's fees." *Scott v. Walmart, Inc.*, 528 F. Supp. 3d 1267, 1278 (M.D. Fla. 2021); *see Pretka*, 608 F.3d at 753–54. Nationwide provides no evidence whatsoever of what a reasonable fee would be. *See* Resp. at 3. And the plaintiffs' failure to respond to an email from Nationwide asking whether their total damages are less than $75,000 is

4

not probative of the amount in controversy. *See* (Doc. 15-1). Nationwide therefore fails to establish that the amount in controversy exceeds $75,000, and remand is warranted.[1]

Accordingly, the following is **ORDERED**:

1. The Clerk is directed to **REMAND** this action to the County Court for the Tenth Judicial Circuit in and for Polk County, Florida, and to transmit a certified copy of this order to the clerk of that court.

2. Defendant's Motion to Dismiss Count II (Doc. 11) and Motion to Dismiss Count I (Doc. 12) are **DENIED AS MOOT.**

3. The Clerk is further directed to **TERMINATE** any pending deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on April 9, 2025

Kathryn Kimball Mizelle
United States District Judge

---

[1] Because I conclude that Nationwide has failed to prove that the amount-in-controversy requirement is met, I do not address its arguments about complete diversity. *See* Resp. at 3–7.